NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50040 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00725-ODW-1 |
| v. | |
| JUAN L. CALDERON NONBERA, AKA Juan Calderon, AKA Juan Louis Calderon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted October 6, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Following a conditional guilty plea, Juan Calderon Nonbera was convicted

of reentering the United States after having been removed, in violation of 8 U.S.C.

§ 1326. He was sentenced to 60 days of imprisonment, to be followed by three

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

years of supervised release. As permitted by his plea, Calderon appeals the district court's denial of his motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Calderon is a native and citizen of Mexico who came to the United States when he was eight years old. In 2002, he was ordered removed by an immigration judge. During his hearing before the immigration judge, Calderon stated that he wanted to waive his right to appeal. Since then, Calderon has repeatedly reentered the country and has been removed on at least six occasions. Shortly after his most recent removal in August 2019, Calderon was found in the United States again without inspection or permission, and a grand jury returned an indictment charging him with violating 8 U.S.C. § 1326(a) and (b)(2). Calderon moved to dismiss the indictment under 8 U.S.C. § 1326(d), and the district court denied his motion. We review de novo the district court's decision whether to dismiss an indictment under section 1326(d). *United States v. Valdivias-Soto*, 112 F.4th 713, 721 (9th Cir. 2024). A defendant charged with illegal reentry may not collaterally attack the validity of his removal order unless he demonstrates that (1) he exhausted any available administrative remedies; (2) he was improperly deprived of the opportunity for judicial review; and (3) the entry of the underlying removal order was fundamentally unfair. 8 U.S.C. § 1326(d); *see United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021).

Calderon did not exhaust his administrative remedies, as required by section 1326(d)(1), because he did not appeal his removal order. He argues that he has not failed to exhaust available administrative remedies because his appellate waiver was invalid and therefore no administrative remedies were available to him. *See United States v. De La Mora-Cobian*, 18 F.4th 1141, 1147 (9th Cir. 2021) ("[A]n alien who did not validly waive his right to appeal is exempted from the exhaustion requirement.").

We recently held, however, that an invalid waiver of appeal ordinarily does not render administrative remedies unavailable for purposes of section 1326(d)(1). *United States v. Nunez*, 140 F.4th 1157, 1162–65 (9th Cir. 2025). Calderon concedes that *Nunez* forecloses his argument that he satisfies the first component of section 1326(d). Because he cannot show that he exhausted administrative remedies, Calderon is barred under section 1326(d) from challenging his indictment by collaterally attacking his 2002 removal order.

The government's motion for judicial notice (Dkt. No. 45) is denied as moot.

**AFFIRMED.**